■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LLOYD JOHN JOSLIN, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Otsego County, rendered April 8, 1968, convicting defendant on his plea of guilty to illegal possession of a firearm. Appellant argues that his motion to suppress the .38 caliber revolver and the ammunition thereto should have been granted, contending that it was seized as a result of an unconstitutional search and seizure, in violation of the Fourth Amendment. Appellant was arrested on January 15, 1968 in a restaurant in Oneonta. The testimony at the hearing on the motion to suppress indicated that a waitress telephoned the police requesting that an officer be sent to the restaurant immediately. When the officer arrived, she told him that a patron had informed her that appellant, a patron, had a gun hidden under his shirt. The police officer approached appellant and asked him to accompany him to the back of the room. The officer testified that he asked appellant if he had a gun; appellant replied, "Yes" and "made a motion towards the front of him". The officer then patted his shirt, felt a hard object, reached beneath the shirt and removed the gun. "A search is reasonable if conducted pursuant to a legal search warrant [and may be upheld if conducted] by consent, or incident to a lawful arrest" (*People* v. *Loria*, 10 N Y 2d 368, 373). While none of these requirements were present, respondent contends, and we agree, that a "frisk" and not a "search" was here involved. Although section 180-a of the Code of Criminal Procedure, the "stop and frisk" statute, does not permit the officer to conduct a full search (*People* v. *Peters*, 18 N Y 2d 238), it does permit him to contact or pat the outer clothing of a person to detect by the sense of touch if a concealed weapon is being carried (*People* v. *Rivera*, 14 N Y 2d 441). As was stated in *Terry* v. *Ohio* (392 U. S. 1, 27): "There must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." The evidence necessary "to make the inquiry is not of the same degree or conclusiveness as that required for an arrest. The stopping of the individual to inquire is not an arrest and the ground upon which the police may make the inquiry may be less incriminating than the ground for an arrest for a crime known to have been committed." (*People* v. *Rivera*, *supra*, p. 445). While appellant denies that the police officer asked him if he had a gun, this was a question of credibility left properly to the discretion of the court. We see no basis for disturbing its determination. Judgment affirmed. Gibson, P. J., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.; Aulisi, J., not voting.